Douglas A. Crowder (SB# 140130)
Crowder Law Center, P.C.
350 S. Figueroa Street, Suite 190
Los Angeles, CA 90071
Tel. 213-325-3040
Fax 877-772-7094

Attorney for Debtor,
BARAKA HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>BARAKA HOLDINGS, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 2:19-bk-11612-RK<br><br>Adversary No. |
| BARAKA HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARIXA FUND III, L.P., a California limited Partnership; CROSSWIND VENTURE, L.P., a California limited partnership; JAN BRZESKI, an individual; ROBERT K. BARTH, an individual; GREG HEBNER, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR:<br>1. FRAUD, COUNT I<br>2. FRAUD, COUNT II<br>3. CONCEALMENT<br>4. BREACH OF CONTRACT<br>5. RESCISSION OF ALL DOCUMENTS<br>6. DECLARATORY RELIEF |

The Plaintiff, BARAKA HOLDINGS, LLC, a Delaware limited liability company qualified to do business in the State of California [hereinafter, “the Plaintiff”], brings this action as against the Defendants, ARIXA FUND III, L.P., a California limited partnership [hereinafter, “the Defendant, ARIXA”], Crosswind Venture Fund, L.P. a California limited partnership [hereinafter, “the Defendant, CROSSWIND”], Jan Brzeski [hereinafter, “the Defendant

Brzeski"], in his individual capacity, in his capacity as Broker, in his capacity as Director and Managing Member of the General Partner of the Defendant, ARIXA, and in his capacity as Managing Member of the Defendant, CROSSWIND, Robert K. Barth [hereinafter, "the Defendant, BARTH"], in his individual capacity, in his capacity as Director of the Defendant, CROSSWIND, in his capacity as Managing Member of the General Partner of the Defendant, CROSSWIND, and Greg S. Hebner [hereinafter, "the Defendant, HEBNER"] in his individual capacity and in his capacity as Managing Director of the Defendant, CROSSWIND, for Fraud, Count I, Fraud Count II, Concealment, Breach of Contract, Rescission of All Documents and Declaratory Relief and, in support thereof, alleges as follows:

## I. JURSIDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. sections 157 and 1334 and II U.S.C. section 523.

2. The within action is a core proceeding under 28 U.S.C. section 157 subdivisions (b)(2)(B) to determine the allowance or disallowance of claims against the estate and (b)(2)(K) to determine the validity, extent, or priority of liens pursuant to Fed. R. Bankr. P. 1334.

3. The Court has jurisdiction over this adversary proceedings pursuant to 28 U.S.C. Section 1334. This adversary proceeding is related to the Chapter 7 bankruptcy petition filed on February 14, 2019 [hereinafter, "the proceedings"] by the Plaintiff now pending in the United States Bankruptcy Court, Central District of California as Case No: 2:19-bk-11612-RK.

4. On December 15, 2016, the Plaintiff executed, among other documents, two Promissory Notes at offices apparently shared by the Defendant, ARIXA, and the Defendant, CROSSWIND, located at 10940 Wilshire Boulevard, Suite 2300 in Los Angeles California. The Notes are secured by real property commonly known as 2075 Lombardy Road, San Marino, California 91108 [hereinafter, "the Property"], described as follows:

THE EASTERLY 115 FEET OF OT 68 OF ARDENGROVE TRACT, IN THE CITY OF SAN MARINO, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORED

IN BOOK 80 PAGE 26 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN #: 5329-006-020.

5. Venue is proper in the District pursuant to 28 U.S.C. sections 1391, 1408 and 1409(a).

6. The Defendants, ARIXA and CROSSWIND, are creditors of the Plaintiff. As a result of the breaches of contract, fraud and the unconscionable interest and penalties charged by the Defendants, it is unclear exactly what the Plaintiff, in fact owes the Defendants, ARIXA and CROSSWIND.

7. The Plaintiff seeks a final determination of all amounts verifiably and legally due under the ARIXA and CROSSWIND Notes. In addition, the Plaintiff seeks an award of punitive damages imposed upon the Defendants and all of them and requests that such award be credited to any and all amounts due and owing under the Notes.

## II. THE PARTIES

7. The Plaintiff is, and at all relevant times mentioned herein, was a Delaware limited liability company qualified to do business in the State of California, with its principal place of business located at 5218 Rivergrade Road in Irwindale, California 91706.

8. The Defendant, ARIXA, is, and at all relevant times mentioned herein, was a California limited partnership with its principal place of business located at 10960 Wilshire Boulevard, Suite 1050 in Los Angeles California 90024.

9. The Defendant, CROSSWIND, is, and at all relevant times mentioned herein, was a California limited partnership with its principal place of business located at 10990 Wilshire Boulevard, Suite 440 in Los Angeles California 90024.

10. The Defendant, BRZESKI, is, and at all times relevant herein was a Broker and serves as Director and Managing Member of the General Partner of the Defendant, ARIXA, and Managing Member of the Defendant, CROSSWIND.

11. The Defendant, BARTH, serves as Director of the Defendant, CROSSWIND, and Managing Member of the General Partner of this Defendant.

12. The Defendant, HEBNER, serves as Managing Director of the Defendant, CROSSWIND. The Plaintiff is informed and, accordingly, believes, and on that basis alleges that such Defendants are liable for the injuries to the Plaintiff as hereinafter alleged.

13. The true names and capacities of the Defendants identified as DOES 1 through 20, inclusive, are unknown to the Plaintiff at this time. The Plaintiff therefore sues said Defendants by such fictitious names. The Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such fictitiously named Defendants when they have been ascertained. The Plaintiff is informed and, accordingly, believes, and on that basis alleges that such Defendants are liable for the injuries to the Plaintiff as hereinafter alleged.

## III. GENERAL ALLEGATIONS

13. In early December of 2016, the Plaintiff, seeking to purchase the Property out of foreclosure, was referred to the Defendant, BRZESKI, by Wells Fargo Bank.

14. Days later, without contact from the Plaintiff, the Defendant, BRZESKI, contacted the Plaintiff to arrange a meeting at the Regent Hotel in Beverly Hills. The Plaintiff confirmed for just days later.

15. On meeting with the Defendant, BRZESKI, and the Defendant, HEBNER, at the Regent Hotel in Beverly Hills, the Defendants, BRZESKI and HEBNER, informed the Plaintiff, the Defendant, CROSSWINDS, would loan him $4,875,000.00, the Defendant, ARIXA, would loan him $700,000.00 and so long as the Plaintiff could come up with the additional $1,100,000.00 as and for the difference between the loan total of $5,575,000.00 and closing costs, the Defendants, CROSSWINDS, and ARIXA, would ensure it received the Property.

16. After considering the offer, the Plaintiff accepted and, on December 15, 2016, once again met with the Defendants, BRZESKI and HEBNER, this time at what appeared to be their shared office location at 10940 Wilshire Boulevard, Suite 2300 in Los Angeles, California 90024.

17. On arriving at the office located at 10940 Wilshire Boulevard, Suite 2300 in Los Angeles, the Plaintiff was presented with two sets of documents, one for the loan to be issued by the Defendant, CROSSWINDS, and the other to be issued by the Defendant, ARIXA.

18. At the meeting of December 15, 2019, neither the Defendant, BRZESKI nor the Defendant, HEBNER, provided the Plaintiff with any written disclosure regarding the terms of either one or both loans and both agreed the loan terms for both loans was one year and no interest would come due or be payable on the loan issued by the Defendant, CROSSWINDS, until such time as the property was sold or the loan otherwise refinanced.

19. Neither the Defendant, BRZESKI, nor the Defendant, HEBNER, made any mention of additional fees, penalties, and/or late charges to be billed.

20. Although the Plaintiff noticed reference to 2.5% interest to be charged by the Defendant, ARIXA, he assumed the 2.5% would be charged annually, having never heard of interest chargeable at monthly.

21. In February of 2017, the Plaintiff began receiving demands from the Defendant, CROSSWINDS, for payment of a monthly installment of interest in the amount of $38,593.75. Despite, protests lodged by the Plaintiff, it commenced its efforts to comply with the demands of the Defendant, CROSSWINDS, and commenced the tender of $38,593.75 of interest payments monthly.

22. In 2017, the Plaintiff paid $385,937.50 as and for interest to the Defendant, CROSSWINDS, and $92,749.97 as and for interest to the Defendant, ARIXA.

23. In 2018, the Plaintiff paid $501,718.75 as and for interest to the Defendant, CROSSWINDS, and $35,000.00 to the Defendant, ARIXA.

24. In October of 2018, the Defendant, ARIXA, having lost patience with the Plaintiff's inability to continue paying interest and penalties as billed, recorded its Notice of Default.

25. On February 14, 2019, the Plaintiff, subject to a demand by the Defendant, ARIXA, to turn over the deed or face foreclosure the following day, filed for relief under Chapter 7 of the Bankruptcy Code.

26. On March 1, 2019, the Defendant, ARIXA, filed for relief from the automatic stay alleging the Plaintiff, as of that date, owed the Defendant, CROSSWIND, funds in the amount of $5,397,655.00 and the Defendant, ARIXA, funds in the amount of $1,717,231.00.

27. In the same motion, the Defendant, ARIXA, submitted an appraisal indicating the fair market value of the property had somehow, after the Plaintiff's investment of $300,000.00 of remodeling and repair, had, in fact, decreased by some $500,000.00.

28. The Plaintiff, who had, over the years, made every effort to satisfy all bills generated by the Defendant, ARIXA, and the Defendant, CROSSWIND, was perplexed and confused. How could it be that a combined debt for which he owed only 2.5% per annum and against which he'd paid over $1,000,000.00 in two years could have increased in the combined amount of $1,539,886.00.

29. Moreover, how could it be that the debt in favor of the Defendant, ARIXA, as pled in its motion for relief from stay, had increased overnight in the amount of $275,5016.30 from the $1,442,214.71 billed on February 28, 2019.

30. On the evening of May 12, 2019, the Plaintiff compared a copy of the ARIXA Note he signed on December 15, 2019 with the Note attached to the written request of the Defendant, ARIXA, for relief from the automatic stay. It was then and only then, he noticed the interest chargeable to him in the ARIXA Note he had on hand required interest payable at the rate of 2.5% per month as opposed to the presumed 2.5% annual rate.

31. Moreover, on that same night, the Plaintiff determined that the Note tendered by the Defendant, ARIXA, in support of its motion, surprisingly enough, although exactly similar to the Note he had in his possession, included reference to a Note rate of 30% per month instead of the 2.5% per month included in the signed copy he'd kept on hand.

32. The Plaintiff is informed and believes and, upon such information and belief alleges that, at all times relevant to these proceedings, the Defendant, CROSSWINDS, and the Defendant, ARIXA, are not and were not constituted of two entities independent of one another, but instead, are distinct, one from the other, in name only, and, as such, acted in concert in an effort to divest him of same Property it sought to purchase.

33. At all relevant times to this action, the named Defendants and each of them, and the Defendants names as DOES 1 through 20, inclusive, acted in concert with and/or was the agent, partner affiliate, joint venture, co-conspirator, aider and abettor, servant, associate, representative, predecessor-in-interest and/or successor-in-interest of the other, and, in engaging in the acts, omissions and occurrences hereinafter alleged, the Defendants, and each of them, were acting in concert with and within the course and scope of their authority as agent, partner, affiliate, joint venture, co-conspirator, aider and abettor, servant, associate, representative, predecessor-in-interest and/or successor-in-interest of the other.

FIRST CAUSE OF ACTION
FRAUD AND MISREPRESENTATION, COUNT I
[As Against All Named Defendants and DOES 1 through 20]

34. The Plaintiff realleges and incorporates here by reference all preceding paragraphs, facts and allegations in this Complaint as though they are fully set forth herein.

35. On December 15, 2016, at the signing, the Defendants, BRZESKI and HEBNER, on behalf of the Defendants, CROSSWINDS and ARIXA, informed the Plaintiff, all interest under the CROSSWINDS Note would be deferred until such time as the Property was sold or the loan otherwise refinanced and the term for both the CROSSWIND and the ARIXA loan was one year.

36. The representations of the Defendant, BRZESKI and the Defendant, HEBNER, were false.

37. In fact, the maturity date for both the CROSSWINDS Note and the ARIXA Note was July 1, 2017, a duration of six [6] months.

38. In fact, interest on the CROSSWINDS Note, according to the Note itself would first be paid at closing with a first monthly installment due on February 1, 2017 and monthly installments due thereafter on the first day of each month following.

39. The Defendants, BRZESKI and HEBNER, knew both representations were false when made.

40. The Defendants; BRZESKI and HEBNER, made the representations in an effort to induce the Plaintiff to rely on their expertise and to ensure the Plaintiff executed the CROSSWIND NOTE and the ARIXA Note.

41. The Plaintiff, as a consumer being offered a loan by experienced professionals and faced with stacks of documents he didn't necessarily understand, reasonably relied on the representations of the Defendants, BRZESKI and HEBNER.

42. Had the Plaintiff known interest payable on the CROSSWINDS Note would come almost immediately due and payable in the amount of $38,593.75, he would not have signed the CROSSWINDS Note.

43. Had the Plaintiff known the term for both Notes was just six [6] months, and moreover, that extension fees would be due on the ARIXA Note in the amount of $8,750.00 for every three-month extension after the date of maturity and on the CROSSWINDS Note in the amount of $36,562.50 for every three-month extension after the date of maturity, it would not have executed either Note.

44. As a result of its reliance on the oral statements of the Defendants, BRZESKI and HEBNER, the Plaintiff has been damaged in the amount of all interest paid under the CROSSWINDS Note and all related penalties for late payment, and in the amount of all extension fees paid under both the CROSSWINDS Note and the ARIXA Note.

45. The Defendants, BRZESKI and HEBNER, committed the acts alleged herein maliciously, fraudulently and oppressively with reckless disregard of the rights of the Plaintiff. Said conduct by these named Defendants was carried out in a despicable, deliberate, cold, callous and intentional manner, thereby entitled the Plaintiff to an award of Punitive damages in an amount to be determined according to proof at any trial of these proceedings.

SECOND CAUSE OF ACTION
FRAUD AND MISREPRESENTATION, COUNT II
[As Against All Named Defendants and DOES 1 through 20]

46. The Plaintiff realleges and incorporates here by reference all preceding paragraphs, facts and allegations in this Complaint as though they are fully set forth herein.

47. On December 15, 2016, the Defendants, BRZESKI and HEBNER, presented the Plaintiff with a Note regarding the ARIXA Loan that included reference in its paragraph number one [1] to interest chargeable at the “Note Rate” of 2.5% per month.

48. Although the Plaintiff duly noted the rate was 2.5%, he didn’t understand this rate was chargeable monthly as opposed to annually and believed the rate was reasonable.

49. Prior to the closing on December 27, 2016, the Defendants, BRZESKI and HEBNER, switched the face page for the ARIXA Note so the same paragraph reviewed by the Plaintiff on December 15, 2016 included a paragraph one [1] that included, instead of the 2.5% viewed by the Plaintiff, reference to a “Note Rate” chargeable at 30% per month.

50. When the Defendants, BRZESKI and HEBNER, presented the Plaintiff with the Note he viewed and signed on December 15, 2016, describing a Note rate of 2.5%, they both knew the interest rate to be charged under the ARIXA Note would be far higher than 2.5% per month.

51. Their written representation of December 15, 2016 regarding the 2.5% was false.

52. The Defendants, BRZESKI and HEBNER, knew the Plaintiff would not sign a Note that included a standard Note rate of 30% chargeable monthly.

53. The Defendants, BRZESKI and HEBNER, intended that the Plaintiff rely on the contents of the ARIXA Note proffered by them on December 15, 2016.

54. The Plaintiff, as a consumer presented with loan documents generated by sophisticated lenders wishing to do business with him, reasonably relied on the fact the ARIXA Note he signed on December 15, 2016 was, in fact, the true ARIXA Note.

55. Had the Plaintiff known the Defendants, BRZESKI and HEBNER, would manipulate and change the documents he signed on December 15, 2016, he never would have signed any document that day.

56. The Plaintiff known he would be charged 30% interest per month, he never would have signed for the loan.

57. As a result of its reliance on the contents of the ARIXA Note it signed on December 15, 2016, the Plaintiff has been damaged in the amount of all interest paid under

the ARIXA Note in all amounts paid over and above the interest rate of 2.5% per annum and all related penalties.

58. The Defendants, BRZESKI and HEBNER, committed the acts alleged herein maliciously, fraudulently and oppressively with reckless disregard of the rights of the Plaintiff. Said conduct by these named Defendants was carried out in a despicable, deliberate, cold, callous and intentional manner, thereby entitled the Plaintiff to an award of Punitive damages in an amount to be determined according to proof at any trial of these proceedings.

59. The Defendants, BRZESKI and HEBNER, committed the acts alleged herein maliciously, fraudulently and oppressively with reckless disregard of the rights of the Plaintiff. Said conduct by these named Defendants was carried out in a despicable, deliberate, cold, callous and intentional manner, thereby entitled the Plaintiff to an award of Punitive damages in an amount to be determined according to proof at any trial of these proceedings.

## THIRD CAUSE OF ACTION
## CONCEALMENT
[As Against All Named Defendants and DOES 1 through 20]

59. The Plaintiff realleges and incorporates here by reference all preceding paragraphs, facts and allegations in this Complaint as though they are fully set forth herein.

60. By orally inducing the Plaintiff to add his signature on the ARIXA Loan documents and the CROSSWINDS Loan documents and, at the same time, failing to disclose either in writing or orally, the actual terms of the ARIXA Note and the CROSSWINDS Note, the Defendants, BRZESKI and HEBNER, successfully concealed the true terms of those Notes.

61. As a real estate broker engaged in negotiating the terms of a promissory note secured by a lien on real property with the Plaintiff, the Defendant, BRZESKI, was vested with fiduciary obligations to the Plaintiff and a duty to disclose.

62. By assuring the Plaintiff of an incorrect duration for the ARIXA and CROSSWIND Loans, by assuring the Plaintiff, no interest under the CROSSWINDS Note would be due until the Property was sold or the loan otherwise re-financed, and by, on December 15, 2016, presenting the Plaintiff with a Note, the interest term of which they had no intention of

implementing, the Defendants, BRZESKI and HEBNER, both engaged in a program of active concealment of the true terms of both the ARIXA Note and the CROSSWINDS Note.

63. Among other material facts included in the terms of the ARIXA Note, the Defendants, BRZESKI and HEBNER, concealed the Plaintiff's obligation for $52,500.00 les interest paid in the event the loan is paid off in the first three months after closing, maturity dates, extension fees, a default interest rate of 18%, late charges at the rate of 2% of all indebtedness and origination fees of $17,500.00.

64. Among other material facts included in the terms of the CROSSWINDS Note, the Defendants, BRZESKI and HEBNER, concealed the Plaintiff's obligation for origination fees including a "deferred" origination fee in the amount of $73,125.00, the default interest rate, maturity dates, extension fees and late charges.

65. The Defendants, BRZESKI and HEBNER, intended to defraud the Plaintiff.

66. The Plaintiff, at the time he signed the ARIXA Note and the CROSSWINDS Note on December 15, 2016 was not aware of the concealed facts and, had he been aware of the concealed facts, would not have signed the ARIXA Note and the CROSSWINDS Note that day.

67. As a result of the suppression of material facts pertaining to both Notes by the Defendants, BRZESKI and HEBNER, the Plaintiff has sustained damage in the amount of all improper and unconscionable fees charged, all fees charged of which he was not aware and could not afford to pay, all attorney fees and expenses associated with his continuing effort to preserve and protect the Property the Defendants, BRZESKI and HEBNER seek either to destroy or obtain for their own.

68. The Defendants, BRZESKI and HEBNER, committed the acts alleged herein maliciously, fraudulently and oppressively with reckless disregard of the rights of the Plaintiff. Said conduct by these named Defendants was carried out in a despicable, deliberate, cold, callous and intentional manner, thereby entitled the Plaintiff to an award of Punitive damages in an amount to be determined according to proof at any trial of these proceedings.

FOURTH CAUSE OF ACTION
BREACH OF CONTRACT
[As Against All Named Defendants and DOES 1 through 20]

69. The Plaintiff realleges and incorporates here by reference all preceding paragraphs, facts and allegations in this Complaint as though they are fully set forth herein.

70. On December 16, 2016, when the Defendants, BRZESKI and HEBNER, presented the Plaintiff with the ARIXA Note for his signature, they, on behalf of the Defendant, ARIXA, offered the Plaintiff, although the details were unbeknownst to him, interest payable at the stated Note rate payable 2.5% per month.

71. On December 16, 2016, when the Plaintiff executed the ARIXA Note, he accepted the offer of Interest payable at the Note rate of 2.5% per month.

72. When, subsequent to the Plaintiff's execution of the ARIXA Note, the Defendants, BRZESKI and HEBNER, switched the first page of the written Note for a first page that included a Note rate payable at 30% per month and then billed the Plaintiff at that rate, the Defendants, BZESKI and HEBNER, breached a material and significant term of their own contract.

73. The Plaintiff was, accordingly, harmed in all amounts billed by the Defendants, BRZESKI and HEBNER, over and above 2.5%.

74. The breach contract by the Defendants, BRZESKI and HEBNER, was a substantial factor in causing Plaintiff's harm if not the actual, sole and direct cause of that harm.

FIFTH CAUSE OF ACTION
RESCISSION OF ALL LOAN DOCUMENTS
[As Against All Named Defendants and DOES 1 through 20]

75. The Plaintiff realleges and incorporates here by reference all preceding paragraphs, facts and allegations in this Complaint as though they are fully set forth herein.

76. The Plaintiff is fee owner of the Property.

77, The Defendants, ARIXA and CROSSWINDS and each of them are named as or claim to be parties to the loan documents, the Defendants, BRZESKI, HEBNER and BARTH, are authorized representatives of the Defendants, ARIXA and CROSSWINDS, and the Defendant, BRZESKI, brokered the deal.

78. The essential terms of the loan documents were either misrepresented to the Plaintiff or concealed from it. The Defendants, and each of them, directly or indirectly, took advantage of the Plaintiff's desire to purchase and protect the Property for his ailing mother-in-law and were, at the time, vested with duties of disclosure and truthfulness in the transaction as to the material terms of the loan.

79. In assuring the Plaintiff, the material terms of the ARIXA and CROSSWINDS Notes were in accord with its stated preferences, the Defendants, and each of them, encouraged the Plaintiff to trust the contents of the documents he was signing and thereby divested the Plaintiff of its duty to parse through and understand the material terms of the Note on his own.

80. As a result, all documents executed by the Plaintiff on December 16, 2016 are void ab initio.

81. The Plaintiff are accordingly and therefore entitled to have the loan documents including the Deed of Trust adjudged void and without legal force or effect as their execution constituted fraud in the factum or fraud in the execution and an order issued so finding and holding should be issued forthwith.

## SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF
[As Against All Named Defendants and DOES 1 through 20]

82. The Plaintiff realleges and incorporates here by reference all preceding paragraphs, facts and allegations in this Complaint as though they are fully set forth herein.

83. The allegations as included in paragraphs 1 through 82. of the within Complaint establish that a real and present controversy exists among the parties to these proceedings as to their respective rights and title to and their interests in and to the Property.

84. The Plaintiff has alleged that its execution of the ARIXA Loan documents and the CROSSWIND Loan documents including the Deeds of Trust were as the result of misrepresentations made by the Defendants, ARIXA and CROSSWIND, and their Defendant representatives as to the material terms of the loan and concealment of other material terms.

85. The Plaintiff would not have executed either the ARIXA Loan Documents or the CROSSWIND Loan documents had the true and exact nature of the loan terms been fully and truthfully disclosed and had the loan terms not been variously misrepresented and otherwise concealed.

86. The Plaintiff's signature on the loan documents was obtained by fraud in the factum or fraud in the execution, misrepresentation and concealment. The Defendants and all of them are generally and in their various capacities, obliges of the Note. No such Defendant had or has the authority to declare a default exists or existed as to any obligation owed by the Plaintiff on either the ARIXA or the CROSSWINDS Note. Thus, any Notice of Default, Notice of Trustee's Sale or any other act or document based on the ARIXA and/or the CROSSWIND Notes was and remains a legal nullity.

87. In the alternative, the Plaintiff seeks revision of the ARIXA and CROSSWINDS Notes according to the terms as recited to him by the Defendants, BRZESKI and HEBNER, and a determination rendered by this court after full investigation regarding what is legally owed under the ARIXA and CROSSWINDS Notes and a proper manner of payment of same.

88. The Plaintiff requests the Court make a finding and issue related orders stating that none of the named Defendants had or has arising from the loan documents or at the time of recordation of the Notice of Default, had or has any right or title to or interest in the Property which authorized or authorizes them in fact or as a matter of law to record such instrument.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants and each of them as follows:

1) General damages according to proof;

2) Special damages according to proof;

3) Exemplary and punitive damages according to proof;

4) For orders deeming the loan documents void;

5) For rescission and cancellation of all documents including the deeds of trust;

6) For all costs of suit incurred herein;

7) For attorney fees;

8) For interest at the legal rate including pre-judgment interest;

9) For such other and further relief as the Court deems proper and just under the facts of these proceedings.

Dated: 5/21/2019

Respectfully submitted by:

/s/ Douglas A. Crowder

Douglas A. Crowder, Attorney for the
Debtor/Plaintiff, BARAKA HOLDINGS, LLC