FILED & ENTERED

JUL 18 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:19-bk-11612-RK |
| BARAKA HOLDINGS, LLC, | Chapter 7 |
| Debtor. | Adv. No. 2:19-ap-01148-RK |
| BARAKA HOLDINGS, LLC, | **ORDER DEEMING ADVERSARY PROCEEDING DISMISSED AS OF JUNE 24, 2019, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7041** |
| Plaintiff, | |
| vs. | |
| ARIXA FUND III, L.P., et al., | |
| Defendants. | |

On May 21, 2019, Plaintiff Baraka Holdings, LLC ("Plaintiff") initiated this adversary proceeding by filing a Complaint for Damages and Equitable Relief (the "Complaint"), Electronic Case Filing Number ("ECF") 1.  On June 12, 2019, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF 9, and a motion to expunge lis pendens, ECF 10.  The motion to expunge lis pendens appears to have been resolved on July 8, 2019, when Plaintiff filed its Notice of Withdrawal of Lis Pendens, ECF 19.

On June 24, 2019, Plaintiff filed a Notice of Voluntary Dismissal of an Adversary Proceeding That Does Not Involve Claims Under 11 U.S.C. § 727 [FRBP 7041(a)] (the "Notice of Dismissal"), ECF 18.

Pursuant to Federal Rule of Civil Procedure 41(a), made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7041, a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Courts strictly construe Rule 41(a)(1)(A) to preclude a plaintiff from voluntarily withdrawing an action only when the defendant has served, specifically, either an answer or a motion for summary judgment. *See Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970) (plaintiff was not precluded from voluntarily dismissing its complaint even after the court had announced its oral ruling at a hearing granting the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss). Such a dismissal "automatically terminates the action upon the filing of the dismissal with the clerk. No order of court is required." *Id.* (citations omitted).

Accordingly, because Defendants have not filed an answer to the Complaint or a motion for summary judgment, Plaintiff may dismiss this action as a matter of right, notwithstanding the pending Rule 12(b)(6) motion to dismiss. Thus, the court hereby deems this adversary proceeding DISMISSED as of the date Plaintiff filed its Notice of Dismissal: June 24, 2019. This order obviates any uncertainty that this adversary proceeding is dismissed.

IT IS SO ORDERED.

Date: July 18, 2019

_____
Robert Kwan
United States Bankruptcy Judge